UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

WENDIUM OF FLORIDA, INC.
d/b/a Wendy's location 2000 NW 10th Avenue,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Wendium of Florida, Inc. ("Defendant") doing business as the Wendy's restaurant located at 2000 NW 10th Avenue, Miami, Florida 33127, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida and suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Wendium of Florida, Inc. is a Florida for profit corporation which is authorized to conduct, and is conducting, business within the jurisdiction of this court.

## FACTS

6. Defendant is a franchise operator of fast food restaurants which are open to the general public. As the franchise operator of a chain of fast food restaurants open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104.

7. Because each of Defendant's franchise fast food restaurants serve food and drink and are open to the public, each is defined is a "place of Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) because each is "[A] restaurant, bar, or other establishment serving food or drink."

8. Defendant is also the owner of commercial real property identified as Folio 01-3126-054-0690, which is located at 2000 NW 10th Avenue, Miami Florida 33127, which is built out as a stand-alone fast food restaurant and which is operated by Defendant as one of its fast food restaurant franchises.

9. At all times material hereto, Defendant has been operating the Wendy's fast food restaurant franchise located at 2000 NW 10th Avenue, Miami, Florida 33127 which is the subject

of this action. This Wendy's location is referenced throughout as "NW 10th Avenue Wendy's," "restaurant," or "place of public accommodation."

10. Plaintiff is often in the vicinity of the 2000 NW 10th Avenue, Miami Florida and on January 6, 2021, Plaintiff personally visited the NW 10th Avenue Wendy's restaurant in order to purchase a meal and dine therein.

11. Plaintiff had difficulty entering the restaurant because the entrance door was very heavy and was extremely difficult for Plaintiff to open as he was confined to his wheelchair. When Plaintiff entered the restaurant, the hand sanitizer available for patrons was out of reach due to its excessive height.

12. When Plaintiff purchased his meal, he was unable to dine at the outside patio because none of the tables were able to accommodate wheelchair seating. Further, the interior dining area did not have a specified area reserved for wheelchair bound patrons.

13. Plaintiff left the NW 10th Avenue Wendy's restaurant feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the NW 10th Avenue Wendy's restaurant.

15. Defendant is aware of the need to provide equal access to individuals with disabilities, and its failure to reasonably accommodate individuals with disabilities at its NW 10th Avenue Wendy's restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

16. Further, as an investor in commercial property, Defendant is aware of the ADA and the need to provide for equal access within its 2000 NW 10th Avenue Miami Florida commercial property. Therefore, its failure to insure its commercial property reasonably

accommodates individuals with disabilities is/was willful, malicious, and oppressive and in disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

17. This discrimination resulted in Defendant denying Plaintiff full and equal access to, and full and equal enjoyment of, its NW 10th Avenue Wendy's restaurant, which is the subject of this lawsuit.

18. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize the NW 10th Avenue Wendy's restaurant location but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant and the attendant parking lot which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

    (i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's NW 10th Avenue Wendy's restaurant and patronized that restaurant, but because Plaintiff perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access due to barriers to access which could have been removed if Defendant had followed Americans with Disabilities Act Accessibility Guidelines (AADAG) and insured its commercial property and the restaurant which is operated at that property was in compliance with ADAAG guidelines. Because Defendant failed to remove these barriers to access, Plaintiff has been denied adequate accommodation and has suffered an injury in fact.

25. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its fast food restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove access barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at the NW 10th Avenue Wendy's restaurant.

27. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. Defendant's 2000 NW 10th Avenue commercial property and the Wendy's restaurant operated therein is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and Defendant is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   i. Failure to provide signage displaying the international symbol for accessibility at the entrance of the place of public accommodation, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

   ii. Failure to provide an accessible entrance due to the excessive weight of the door at the restaurant entrance location, the door opening force is greater than that delineated at 28 C.F.R. Part 36, Section 4.13.11; 2010 ADA Standards for Accessible Design. The door represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff who perambulates with a wheelchair.

   iii. Failure to provide for designated handicapped seating within the restaurant and failure to provide seating accessible by wheelchair in the outdoor patio, in violation of 28

6

C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 and 903, which requires that all dining areas be accessible in clear floor/ground space, size and height.

        iv.     Failure to provide a hand sanitizer (as made available to the general public) at an accessible height, in violation of the reach ranges delineated within Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

30.    More access barrier violations may be present, which will be determined and proven through the discovery process.

31.    Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendant is required to insure that its property and restaurant are accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

32.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter its restaurant such that it is readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Wendium of Florida, Inc. and requests the following relief:

a)    The Court declare that Defendant has violated the ADA;

b)    The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

  c)  The Court enter an Order requiring Defendant to alter its 2000 NW 10th Avenue commercial property and Wendy's restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

  d)  The Court award reasonable costs and attorneys' fees; and

  e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of February, 2021.

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone:  305-351-2014
                Email: cc@cunninghampllc.com

                *Counsel for Plaintiff*